49 CCPA

**MELVILLE SHOE CORPORATION,**
Appellant,

v.

**LESTER PINCUS SHOE CORPORA-
TION, Appellee.**

Patent Appeal No. 6802.

United States Court of Customs
and Patent Appeals.
July 25, 1962.
Rehearing Denied Oct. 24, 1962.

Solon B. Kemon, and Kemon, Palmer, Stewart & Estabrook, Washington, D. C., for appellant.

Edward K. Pincus, New York City (Stanley Rothenberg, New York City, of counsel), for appellee.

Before RICH, Acting Chief Judge, and MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of

Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28, United States Code.

SMITH, Judge.

The single issue presented is whether applicant-appellee's mark "SOCIETY DEBS"[1] when applied to the goods of applicant is likely to cause confusion, mistake or deception of purchasers due to its similarity to opposer-appellant's registered mark "STYLISH DEBS".[2] Appellee's application asserts use in interstate commerce since December 9, 1950 while appellant's registration states that its mark has been continuously used and applied to said goods since June 10, 1932.

The Trademark Trial and Appeal Board (127 USPQ 544) dismissed the opposition.

Opposer took no testimony. By stipulation, the testimony for applicant was provided by affidavit. The affidavit of Lester Pincus, president of applicant-corporation, states that applicant has used its mark "SOCIETY DEBS" in commerce for shoes since 1950 and that shoes bearing the mark have been advertised in a trade journal, displayed at shoe manufacturer's trade fairs, and sold in "the largest retail department stores in the United States." Two exhibits attached to the affidavit are copies of advertisements for "SOCIETY DEBS" women's shoes.

There is no dispute as to opposer's prior use or that the goods of the parties are the same. The issue here must, therefore, be resolved by a consideration of the respective marks.

There is no claim here that either party has any right to the exclusive use of the word "debs". Opposer predicates its case on the alleged similarity "in meaning and connotation in the minds of the average purchaser of shoes" of the remaining portions of the marks, "society" and "stylish". From this, opposer argues, however, that the entire marks "SOCIETY DEBS" and "STYLISH DEBS" have the same connotation and are so similar in meaning that the marks as wholes will be likely to cause confusion, mistake or deception of purchasers. In support of this position, opposer argues that "society" in its adjective sense means fashionable or stylish and submits dictionary and thesaurus excerpts in support of this position.

Such similarity as may be developed by reference to these definitions as to the meaning of the two words is of far less significance, we think, than is the fact that the words are commonly used words which create different impressions on the mind of the average purchaser.

Opposer's mark "STYLISH DEBS", considered as a whole, attempts to associate opposer's goods with the mental impression of a stylish or fashionable young lady.[3] This association, particularly in the clothing and shoe industry, is of limited distinctiveness as an indicator of source or origin of any one manufacturer. Such a mark may become a distinctive indicator of source or origin when so used. However, opposer's record here, except for its registration, contains nothing to indicate that the mark "STYLISH DEBS" has any distinctiveness other than that which

1. Application Serial No. 48,654, filed March 28, 1958 for "shoes, slippers, boots."

2. Reg. No. 298,811, issued Nov. 8, 1932 and renewed in 1952 for twenty years, for "SHOES OF LEATHER, RUBBER, OR FABRIC CONSTRUCTION, OR A COMBINATION OF THESE MATERIALS."

3. We judicially note that "debs", standing for debutantes, appears to be a word commonly seen in shoe and clothing stores, particularly for women, where it is usually associated with products for younger women, i. e., those of debutante age. It is used as are such terms as "casuals" or "suburbans", that is, to suggest a feeling or hoped-for pleasant association with the product.

In this opinion we do not place any reliance upon the asserted existence of third party registration containing the words "debs" and "stylish". These registrations, included as exhibits A and B of Applicant's Answer, were not made exhibits here and are not part of the record before this court. We therefore refuse to consider them. 15 U.S.C.A. § 1071 and 35 U.S.C. §§ 143, 144.

attaches specifically to the combined words.

While opposer as a registrant is entitled to rely on his registration and is under no burden to take testimony to prove actual confusion, where, as here, the issue is to be resolved solely by consideration of the two marks, the registration alone gives us no basis to here find that confusion would be likely.

Our consideration of the marks on the present record supports the conclusion that they do not look or sound sufficiently alike nor have a sufficiently similar meaning as to be likely to result in confusion, mistake or deception of purchasers.

For the foregoing reasons, the decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.

MARTIN, Judge, with whom RICH, Judge, joins (dissenting).

I disagree with the conclusions of the majority. There is no question that "debs," the abbreviation of debutantes, and "stylish" are two common words. However, when used together for young women's shoes, a suggestive trademark is created but certainly not a descriptive one. The majority takes judicial notice that:

" * * * "debs", standing for debutantes, appears to be a word commonly seen in shoe and clothing stores, particularly for women, where it is usually associated with products for younger women, i. e., those of debutante age. It is used as are such terms as "casuals" or "suburbans", that is, to suggest a feeling or hoped-for pleasant association with the product."

My experience in these matters will not permit me to take such judicial notice.

However, even if the majority is correct in this supposition, its significance in this case is not apparent since we are endeavoring to decide whether "STYLISH DEBS" and "SOCIETY DEBS," both for young women's shoes, will cause purchaser confusion.

I believe that when these two marks are considered in their entireties, as the law requires, the concurrent use on their respective products is likely to cause confusion among purchasers. They are both used for women's and both suggest an article suitable for a socially prominent young lady, thereby creating the same mental picture and, further, both marks have "S" as their initial letter.

Further, the majority states:

"Such a mark may become a distinctive indicator of source or origin when so used. *However, opposer's record here, except for its registration, contains nothing to indicate that the mark "STYLISH DEBS" has any distinctiveness other than that which attaches specifically to the combined words.*

"While opposer as a registrant is entitled to rely on his registration and is under no burden to take testimony to prove actual confusion, where, as here, the issue is to be resolved solely by consideration of the two marks, *the registration alone gives us no basis to here find that confusion would be likely.* [Emphasis mine.]"

I believe the majority has overlooked the fact that opposer's mark was registered in 1932 and it has been using this mark to identify its shoes since that date, a period of thirty years. The endeavor by the majority to wipe out trademark significance of the mark seems to me to be unwarranted and contrary to the rights and privileges possessed by opposer under the Lanham Act.